UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

|  |  |
|---|---|
| **GERARDO CHAVIRA, JUNIOR,**<br><br>Petitioner,<br><br>v.<br><br>RAYMOND MADDEN (WARDEN),<br><br>Respondent. | **Case No. SA CV 17-01288-VBF-AS**<br><br>**ORDER**<br><br>Adopting the Report & Recommendation;<br><br>Denying the Habeas Corpus Petition;<br><br>Dismissing the Action With Prejudice;<br><br>Directing Entry of Separate Final Judgment;<br>Directing Entry of Separate COA Order;<br><br>Terminating and Closing the Action (JS-6) |

Represented by counsel, California state prisoner Gerardo Chavira, Junior ("petitioner") brought this action for a writ of habeas corpus by a pursuant to 28 U.S.C. § 2254. Pursuant to Fed. R. Civ. P. 72(b)(1), title 28 U.S.C. § 636(b)(1)(B), and C.D. Cal. Local Rule 72-3.3, the United States Magistrate Judge issued a Report and Recommendation ("R&R") on December 14, 2017. *See* CM/ECF Document ("Doc") Doc 14.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the habeas petition (Doc 1), respondent's answer (Doc 6), relevant decision(s) of state courts, the other "lodged documents" in paper form (listed in Doc 7), the R&R (Doc 14), and the applicable law. The Court notes that petitioner did not file a traverse even though the Magistrate extended his

Traverse deadline from October 25, 2017 to November 25, 2017. *See* Docs 8, 10, and 12.

According to the Notice of Filing R&R (Doc 13), the deadline for objections to the R&R was Wednesday, January 3, 2018. *See* Federal Rule of Civil Procedure 72(b). That deadline elapsed more than three weeks ago, and the Court has received neither objections nor an extension motion from petitioner, who is represented by counsel. Accordingly, the Court proceeds without waiting further for a possible belated objection.

**By its terms, Federal Rule of Civil Procedure 72(b)(3) requires a District Judge to conduct de novo review only of those portions of an R&R to which a party has filed timely specific objection.** *See, e.g., Jette v. Colvin*, 2016 WL 4717735, *1 (D. Or. Sept. 7, 2016) ("Because no objections . . . were timely filed, this Court is relieved of its obligation to review the record *de novo*.") (citing *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009) (internal citations omitted)). **Conversely, absent a timely objection purporting to identify specific defects in the R&R, the District Judge has no obligation to review the R&R.** *See US v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (district judge must review magistrate's findings and recommendations de novo if objections are made, "but not otherwise")), *cited by Beard v. Nooth*, 2013 WL 3934188, *1 (D. Or. July 30, 2013) (also citing *Thomas v. Arn*, 474 U.S. 140, 152, 106 S. Ct. 466, 473 (1985) ("There is no indication that Congress, in enacting [the Magistrates Act], intended to require a district judge to review a magistrate's report.[.]")); *see, e.g., Bank v. Nevada DPS*, 2017 WL 2378355, *1 (D. Nev. June 1, 2017) ("'No review is required of a magistrate judge's [R&R] unless objections are filed.'") (quoting *Schmidt v. Johnstone*, 263 F. Supp.2d 1219, 1226 (D. Ariz. 2003)) (other cites omitted); *Robles-Castro v. Ryan*, 2017 WL 735386, *1 (D. Ariz. Feb. 24, 2017) (Logan, J.) (citing *Reyna-Tapia*, 328 F.3d at 1121, and *Thomas*, 474 U.S. at 149); *Herring v. Maricopa Cty. Sheriff's Office*, 2016 WL 2754851, *1 (D. Ariz. May 12, 2016) (Campbell, J.); *Hussak v. Ryan*, 2016 WL 2606993, *1 (D. Ariz. May 6, 2016) (Rayes, J.).

"**Nonetheless, the Magistrates Act does not *preclude* a district judge from**

1 **reviewing an R&R to make sure that it recommends a legally permissible and**
2 **appropriate outcome (based on sound reasoning and valid precedent) if she chooses to**
3 **do so."** *Juarez v. Katavich*, 2016 WL 2908238, *2 (C.D. Cal. May 17, 2016) (citing *Beard*,
4 2013 WL 3934188 at *1 (although in the absence of objections no review is required, the Act
5 "'does not preclude further review by the district judge[] *sua sponte* . . . under a de novo or
6 any other standard") (quoting *Thomas*, 474 U.S. at 154)). "'Indeed, the Advisory Committee
7 Notes to Fed. R. Civ. P. 72(b) recommend that [w]hen no timely objection is filed, the Court
8 review the magistrate's recommendations for clear error on the face of the record.'" *Juarez*,
9 2016 WL 2908238 at *2 (quoting *Beard*, 2013 WL 3934188 at *1 (quote marks omitted).

**Out of an abundance of caution, then, the Court has reviewed the R&R. On either clear-error or de novo review, the Court finds no defect of law, fact, or logic in the R&R.** Therefore the Court will adopt the R&R and implement its recommendations

ORDER

The Report and Recommendation **[Doc # 14] is ADOPTED.**

The 28 U.S.C. section 2254 petition for a writ of habeas corpus **[Doc # 1] is DENIED.**

The Court will rule on a certificate of appealability by separate order.

As required by Fed. R. Civ. P. 58(a), the Court will enter judgment by separate document. *Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013).

**This action is DISMISSED with prejudice.**

**The case SHALL BE TERMINATED and closed (JS-6).**

Dated: January 29, 2018

                                           Hon. Valerie Baker Fairbank
                                           Senior United States District Judge